```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ROBERT MONROE                                CIVIL ACTION

VERSUS                                       NUMBER: 08-1648

LISA MAZE - PAROLE OFFICER                   SECTION: "J"(5)
```

### REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se and in forma pauperis plaintiff, Robert Monroe, has named as his sole defendant, "Lisa Maze - Parole Officer".

Plaintiff, presently an inmate in Phelps Correctional Center, alleges that at the time when Hurricanes Katrina and Rita hit Louisiana, he was out of prison on parole. As a result of these storms, he and his family were forced to evacuate from New Orleans to Houston. During this time, plaintiff states that he kept in touch with his parole officer, Lisa Maze, letting her know where he was and the reason his residence was now in Texas rather than Louisiana. Despite this communication with Ms. Maze and despite the fact that he was forced, due to circumstances beyond his

control, to leave his Louisiana residence, plaintiff informs that his parole was revoked because he no longer resided at his address in Louisiana.  Plaintiff, pursuant to the instant lawsuit, seeks to have his parole reinstated and seeks to "receive payments for this ordeal".

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented

to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that his present incarceration stems from the unjust revocation of his parole due to the fact that he was forced, through no fault of his own, to abandon his residence in Louisiana and move to Texas. Such an allegation clearly challenges the fact and duration of his confinement, a proper habeas corpus issue which cannot be addressed until plaintiff has exhausted available state court remedies with respect to such an allegation. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court now turns its attention to plaintiff's claim for monetary damages under §1983. Plaintiff charges that his parole was unjustly revoked and he seeks payments for the "ordeal" he has been forced to endure as a result of the fact that he has once

again been placed in state custody.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a state conviction or confinement that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. Clearly, plaintiff's claim, that his parole was unfairly revoked, calls into question the validity of his present confinement and, therefore, is prohibited under <u>Heck</u>.

Accordingly;

## **RECOMMENDATION**

It is hereby recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  20th  day of ____June_____, 2008.

*Alma L. Chasez*
UNITED STATES MAGISTRATE JUDGE
